IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | June 19, 2018 |
| | ) | |
| -versus- | ) | Greenville, SC |
| | ) | |
| KIPPER KEN KING, | ) | 7:17-112-1 |
| | ) | |
| Defendant. | ) | |

TRANSCRIPT OF SENTENCING

BEFORE THE HONORABLE BRUCE HOWE HENDRICKS
UNITED STATES DISTRICT JUDGE, presiding

A P P E A R A N C E S:

| | |
|---|---|
| For the Government: | MAXWELL B. CAUTHEN III, AUSA<br>US Attorney's Office<br>55 Beattie Place, Ste. 700<br>Greenville, SC 29601 |
| For the Defendant: | JAMES B. LOGGINS, ESQ.<br>Federal Public Defender<br>75 Beattie Place, Ste. 950<br>Greenville, SC 29601 |
| Court Reporter: | KAREN E. MARTIN, RMR, CRR<br>300 E. Washington Street<br>Room 304<br>Greenville, SC 29601 |

The proceedings were taken by mechanical stenography and the transcript produced by computer.

```
 1                    Tuesday, June 19, 2018
 2          THE COURT:  Yes, sir, Mr. US Attorney?
 3          MR. CAUTHEN:  May it please the Court?  Your
 4  Honor, the next case scheduled for sentencing is 7:17-112,
 5  United States vs. Kipper Ken King.  He is represented by
 6  Mr. Loggins.  No objections have been filed.
 7          THE COURT:  Let's go ahead and swear Mr. King.
 8          THE CLERK:  May it please the Court?
 9          Sir, would you please raise your right hand to
10  be sworn?
11      (WHEREUPON, the defendant was sworn.)
12          THE DEFENDANT:  Yes, sir.
13          THE CLERK:  Thank you, sir.
14          THE COURT:  Okay.  Mr. Loggins, have you gone
15  over the Presentence Report with Mr. King?
16          MR. LOGGINS:  I have, Your Honor.
17          THE COURT:  Mr. King, have you read the
18  Presentence Report?
19          THE DEFENDANT:  Yes, ma'am.
20          THE COURT:  Do you understand it?
21          THE DEFENDANT:  Yes, ma'am.
22          THE COURT:  And y'all are ready to proceed?  And
23  I see there's no objections.  So under the statute, he's
24  looking at not more than five years, supervised release
25  not more than three years.  He's eligible for probation,
```

1  one to five years.  The fine is $250,000.  The special
2  assessment fee is $100.
3          The Total Offense Level is 17.  His Criminal
4  History Category is VI.  He's not eligible for probation.
5  And the guideline range is 51 to 60 months imprisonment,
6  one to three years of supervised release.  The fine is not
7  calculated.  Restitution is not applicable.  And there's a
8  $100 special assessment fee.
9          I am happy to hear from the Government and then
10 I'll hear from Mr. Loggins.
11         **MR. CAUTHEN**:  Yes, ma'am.  Your Honor, with
12 respect to the 3553(a) factors, the Government would
13 suggest to the Court that a guideline sentence in this
14 case is appropriate for several reasons, to promote
15 respect for the law, to provide hopefully some deterrence
16 from future criminal conduct, and provide adequate
17 punishment.
18         By way of summary, Mr. King has a sordid
19 criminal past, obviously, a Criminal History Category of
20 VI, guideline range of 51 to 60 months.  The subject that
21 he's here for is threatening then President-Elect Trump.
22 And he did that while he was incarcerated.  So, obviously,
23 there's a lack of respect for the law, Your Honor.  And
24 for the reasons stated, the Government believes that a
25 guideline sentence would be appropriate.

1        **THE COURT**: Mr. Loggins?

2        **MR. LOGGINS**: May it please the Court? We're
3  going to ask for a variance, Your Honor. And I'm going to
4  tell you a little bit about my client before we get to
5  that point.

6        He's been out of jail about five or six months
7  in the last ten years in a series of small charges. He
8  was in jail as presented when he wrote the current two
9  letters. He never made it out of the jail. No one was
10 ever threatened. It doesn't make them right in terms of
11 how the victims would come.

12       We don't prosecute all of those. We don't
13 prosecute every commentator on TV that makes that
14 recommendation. There'd be a hell of a lot less Fox News
15 reporters if we did. So the threat in and of itself is
16 not enforced all the time.

17       You're looking at a man diagnosed by the federal
18 government at his last evaluation confirming an earlier
19 evaluation that he does suffer from schizophrenia. Now,
20 I've talked to him many times over the last many months.
21 We're not challenging competency. He more than
22 understands why he's here and what's going on. He's able
23 to assist me with his defense.

24       This is the problem the man's fighting with.
25 Because he was in jail when he wrote these, he, of course,

1  has remained in jail the entire time.  He didn't come into
2  federal custody until May 25th or May 28th of this year
3  when that state sentence was over.  That's approximately
4  15 months.
5          The guideline range is 51 to 60.  We're asking
6  for a sentence of 36 months.  That gives him credit for
7  that time he's done.  It doesn't disrupt any of the
8  3553(a) factors.  It simply acknowledges that he was in
9  jail during that time period.
10         He would also like a recommendation for whatever
11 jail time he gets to -- he knows he needs to have more
12 treatment, so the next time he gets angry, he's not firing
13 off another group of letters to any court, any judge, or
14 any public defender for that matter.  So he'd like a
15 recommendation to either Butner or any of the other
16 psychological hospitals that would give him more attention
17 you could say during the time.
18         He, of course, would like to have much less than
19 that, but the 36 months is the recommendation is well
20 within -- in the guidelines and it is time for the
21 behavior he's already done.
22         Thank you, Your Honor.
23         **THE COURT**:  Is there anything he'd like to say
24 or does he have any family here?
25         **THE DEFENDANT**:  Um, I'm not sure if I have any

1  family here.  No, I'm not sure.  But I would like to say
2  I'm sorry for using the Court and doing this for something
3  that was -- could have been prevented.  I do suffer from
4  mental illnesses.  And I have been hospitalized four
5  times.
6          And I just -- it takes me a lot to get
7  everything out sometimes.  And while I just wrote the
8  letters to be funny, and I don't know what possessed me to
9  send them out.  But like my lawyer keeps convincing me --
10         How did you say it?  Dumber then, smarter now?
11         So I'm learning I can't do that anymore.  So I
12  apologize.
13         **THE COURT**:  All right.  Your lawyer is always
14  very blunt.  There's no doubt about it.  And it sounds
15  like you're really working to better yourself and that
16  you're listening to him a little bit.  So that's a good
17  thing.
18         I've thought about all those 3553(a) factors.
19  And I'm going to specifically adopt the Government's
20  argument as to those factors.
21         And having calculated and considered the
22  advisory sentencing guidelines and having also considered
23  the relevant statutory factors, it's the Judgment of the
24  Court that the defendant, Kipper Ken King, is hereby
25  committed to the custody of the Bureau of Prisons to be

```
1    imprisoned for a term of 60 months.
2            It appears he doesn't have the ability to pay a
3    fine, so the fine is waived.  He shall pay the mandatory
4    $100 special assessment fee.
5            Upon release from prison, he'll be on supervised
6    release for a term of three years.  Within 72 hours of
7    release, he shall report in person to the probation office
8    in the district to which he's released.
9            I'm recommending Butner or any other facility
10   that can help him with his health and mental health
11   issues.
12           While on supervised release, he shall comply
13   with the mandatory and standard conditions of supervision
14   as outlined in Title 18:3583(d), and also comply with the
15   following special condition for the reasons set forth in
16   the Presentence Report which the Court is going to adopt
17   as findings of fact for the purposes of sentencing.
18           He shall submit to substance abuse testing to
19   determine if he's used a prohibitive substance.  And he
20   shall contribute to the costs of such program not to
21   exceed an amount determined reasonable by the court
22   approved US Probation Office's Sliding Scale.  And he
23   shall cooperate in securing any applicable third party
24   payments such as insurance or medicaid.
25           He has a history of using LSD, and marijuana,
```

1  alcohol, cocaine, opiates, Benzodiazepine with ecstasy,
2  heroin, and meth.  Random testing will allow probation to
3  monitor his compliance with the conditions of his
4  supervised release and to assess the need for substance
5  abuse treatment.
6       And he shall participate in a program of mental
7  health treatment as directed by US Probation until such
8  time as he's released from that program.  And he shall
9  contribute to the costs of such treatment not to exceed an
10 amount determined reasonable by the US Probation Office's
11 Sliding Scale.  And he shall cooperate in securing any
12 applicable third party payment such as insurance or
13 medicaid.
14      He has a history of mental health treatment.  He
15 has, as his lawyer has noted, been diagnosed with
16 schizophrenia, antisocial personality disorder, and an
17 unspecified depressive disorder.
18      I think I've calculated the advisory guidelines
19 properly and correctly addressed all the points.  But if
20 it's somehow later determined that I haven't, I'll state
21 for the record now that I would have imposed the same
22 sentence as an alternate variant sentence in light of all
23 the 3553(a) factors and in light of the totality of the
24 circumstances present in this case.
25      You've got 14 days from the entry of judgment if

1  you want to appeal.  And if you want to appeal and you
2  can't afford a lawyer, the Court will appoint one for you.
3  But I'm asking Mr. Loggins to go ahead and see you through
4  in regards to the filing of any notice of appeal.
5          Thank you and good luck.
6          **MR. LOGGINS:**  Thank you, Your Honor.
7          **THE PROBATION OFFICER:**  So you deny the variance
8  requested?
9          **THE COURT:**  Yes, deny defendant's motion.
10         **MR. LOGGINS**:  Understood, Your Honor.
11         **MR. CAUTHEN:**  The Government would move to
12  dismiss the remaining count of the indictment.
13         **THE COURT:**  Granted.
14         **MR. CAUTHEN:**  Thank you, Your Honor.
15                              ***
16  I certify that the foregoing is a correct transcript from
17  the record of proceedings in the above-entitled matter.
18      s/Karen E. Martin                    3/11/2019
    _____        _____
19  Karen E. Martin, RMR, CRR           Date